**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4024**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAMES LOUIS TOWNSEND,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:14-cr-00106-D-1)

---

Submitted:  August 28, 2017               Decided:  September 19, 2017

---

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Louis Townsend pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B)(i), 846 (2012). The district court calculated an advisory Sentencing Guidelines range of 60 to 71 months' imprisonment, but upon determining that Townsend's criminal history category underrepresented his criminal history and assessing the likelihood of recidivism, departed upward, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2015), raising Townsend's criminal history category by two levels and the resulting Guidelines range to 77 to 96 months' imprisonment. The district court then applied a downward departure, lowering Townsend's Guidelines range to the 60-month statutory minimum. Finally, the district court varied upward to a final sentence of 84 months, explaining that Townsend's criminal history and the nature of the instant offense justified the sentence.

On appeal, Townsend contends that his 84-month sentence is substantively unreasonable because the court's reasoning did not support its decision to upwardly depart pursuant to § 4A1.3, p.s. He contends that his criminal history category already accounted for his convictions because he did not have any prior unscored offenses that typically form the basis for such upward departures. Townsend further complains that the district court focused extensively on his early criminal history while failing to adequately weigh numerous mitigating factors.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United*

2

*States*, 552 U.S. 38, 41 (2007). We consider the substantive reasonableness of the sentence under "the totality of the circumstances." *Id.* at 51. "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). "[We] owe[] due deference to a district court's assessment of the § 3553(a) factors, and mere disagreement with the sentence below is insufficient to justify reversal of the district court." *Id.* at 531 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in departing upward in calculating Townsend's advisory Guidelines range. The district court discussed each of Townsend's convictions, and concluded that an upward departure was warranted in light of the violent nature of his crimes, the lenient sentences he previously received, and his recidivism. Although Townsend did not have any of the unscored violations that sometimes form the basis for such a departure, *see* USSG § 4A1.3(a)(2)(A)-(C), p.s., cmt. 2(A)(i)-(iii), the district court was justified in considering these other factors in ruling on the departure. *See* USSG § 4A1.3, p.s., background. Therefore, both the district court's decision to depart and the extent of the departure are reasonable.

The district court also reasonably applied the 18 U.S.C. § 3553(a) (2012) factors. The court considered the nature of the offense, Townsend's criminal history, and numerous other relevant factors in concluding that the 84-month sentence was necessary. The court specifically referenced mitigating factors such as Townsend's difficult

3

childhood, the fact that he had obtained his GED, the circumstances of Townsend's recruitment into the conspiracy, the remorse he expressed for his actions, and the steps he had taken toward rehabilitation, in its thorough discussion of the § 3553(a) factors and its ultimate conclusion that, under all the circumstances, 84 months of imprisonment were warranted. We therefore hold that the 84-month sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented before this court and argument would not aid the decisional process.

*AFFIRMED*

4